UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LUIS G.,[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

21-CV-06040-LJV
DECISION & ORDER

---

On January 19, 2021, the plaintiff, Luis G. ("Luis"), brought this action under the Social Security Act ("the Act"). Docket Item 1. He seeks review of the determination by the Commissioner of Social Security ("Commissioner") that he was not disabled.[2] *Id.* On December 13, 2021, Luis moved for judgment on the pleadings, Docket Item 8; on May 6, 2022, the Commissioner responded and cross-moved for judgment on the pleadings, Docket Item 9; and on June 17, 2022, Luis replied, Docket Item 10.

---

[1] To protect the privacy interests of Social Security litigants while maintaining public access to judicial records, this Court will identify any non-government party in cases filed under 42 U.S.C. § 405(g) only by first name and last initial. Standing Order, Identification of Non-Government Parties in Social Security Opinions (W.D.N.Y. Nov. 18, 2020).

[2] Luis applied for Supplemental Security Income ("SSI"), which is paid to a person with a disability who also demonstrates financial need. 42 U.S.C. § 1382(a). A qualified individual may receive both Disability Insurance Benefits ("DIB") and SSI, and the Social Security Administration uses the same five-step evaluation process to determine eligibility for both programs. *See* 20 C.F.R. §§ 404.1520(a)(4) (concerning DIB), 416.920(a)(4) (concerning SSI).

For the reasons that follow, this Court denies Luis's motion and grants the Commissioner's cross-motion.[3]

## **STANDARD OF REVIEW**

"The scope of review of a disability determination . . . involves two levels of inquiry." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). The court "must first decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id.* This includes ensuring "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (alterations omitted) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)). Then, the court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)). "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." *Johnson*, 817 F.2d at 986.

---

[3] This Court assumes familiarity with the underlying facts, the procedural history, and the decision of the Administrative Law Judge ("ALJ") and refers only to the facts necessary to explain its decision.

## **DISCUSSION**

I.    **THE ALJ'S DECISION**

On March 9, 2020, the ALJ issued a decision finding that Luis "has not been under a disability . . . since November 30, 2017, the date the application was filed." *See* Docket Item 7 at 57.  The ALJ's decision was based on the five-step sequential evaluation process under 20 C.F.R. § 416.920(a).  *See id.* at 47-57.

At step one, the ALJ found that Luis had not engaged in substantial gainful activity since filing his application on November 30, 2017.  *Id.* at 48.  At step two, the ALJ found that Luis suffered from several severe, medically determinable impairments: diabetes, hypertension, asthma, obesity, and depression.

At step three, the ALJ found that Luis's severe, medically determinable impairments did not meet or medically equal the severity of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *See id.* at 48-51.  More specifically, the ALJ found that Luis's physical impairments did not meet or medically equal the requirements of listings 3.03 (asthma), 4.00 (cardiovascular impairments), and 11.14 (peripheral neuropathy).  *Id.* at 48-49. The ALJ also concluded that Luis's mental impairments did not meet or medically equal the requirements of listing 12.04 (depressive, bipolar, and related disorders).  *Id.* at 49.  In assessing Luis's mental impairments, the ALJ concluded that Luis was: (1) mildly limited in understanding, remembering, or applying information; (2) mildly limited in interacting with others; (3) moderately limited in maintaining concentration, persistence, or pace; and (4) mildly limited in adapting or managing himself.  *Id.* at 49-50.

The ALJ then found that Luis had the RFC[4] to perform "sedentary work" as defined in 20 C.F.R. § 416.967(a), with the following additional limitations:

> [Luis] require[s] an assistive device such as a cane to ambulate. He can occasionally balance, stoop, kneel, crouch, and crawl. He can occasionally climb ramps and stairs, but he should never climb ladders, ropes, or scaffolds. He can never work in an area that has concentrated exposure to extreme heat, cold[,] or humidity. He can never work in an area that has very high concentrations of dust, fumes, gases, and other pulmonary irritants. He can never work in hazardous environments such as at unprotected heights or around moving mechanical parts. He is limited to simple, routine, and repetitive tasks, and [he] must be in a position that, in addition to normal breaks, would allow the person to stand for five minutes after sitting for 30 minutes throughout the day while remaining at the workstation.

*Id.* at 51.

At step four, the ALJ found that Luis was unable to perform past relevant work as a materials handler. *Id.* at 56; *see Dictionary of Occupational Titles* 914.687-014, 1991 WL 687858 (Jan. 1, 2016). But given Luis's age, education, work experience, and RFC, the ALJ found that Luis could perform substantial gainful activity as a hand packager, assembler, or inspector. Docket Item 7 at 56-57; *see Dictionary of Occupational Titles* 920.687-030, 1991 WL 687968 (Jan. 1, 2016), 734.687-018, 1991 WL 1991 WL 679950 (Jan. 1, 2016), and 739.687-182, 1991 WL 680217 (Jan. 1, 2016). The ALJ therefore concluded that Luis was not disabled and did not qualify for SSI. Docket Item 7 at 57.

---

[4] A claimant's residual functional capacity ("RFC") "is the most [he] can still do despite [his] limitations . . . in an ordinary work setting on a regular and continuing basis." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96-8p, 1996 WL 374184, at *2 (Jul. 2, 1996)). "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." *Id*

4

## II.    ALLEGATIONS

Luis argues that the ALJ erred in two ways.  See Docket Item 8-1 at 10-16.  First, he argues that the ALJ erred by "rel[ying] on his own lay judgment in developing the mental portion of the RFC finding, after rejecting the only opinion from an examining mental health professional."  Id. at 10.  Second, he argues that the ALJ erred by "fail[ing] to further develop the record on [Luis's] mental impairments and limitations after he rejected the only medical opinion of record from an examining mental health professional."  Id. at 14.  This Court disagrees and therefore affirms the Commissioner's finding of no disability.

## III.   ANALYSIS

An ALJ must "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole."  Matta v. Astrue, 508 F. App'x 53, 56 (2d Cir. 2013); accord Schillo v. Kijakazi, 31 F.4th 64, 78 (2d Cir. 2022).  But that does not mean that the RFC needs to "perfectly correspond with any of the opinions of medical sources cited in [the ALJ's] decision," Matta, 508 F. App'x at 56, or even be based on opinion evidence, see Corbiere v. Berryhill, 760 F. App'x 54, 56 (2d Cir. 2019).  As long as the ALJ considers all the medical evidence and appropriately analyzes the medical opinions, an RFC consistent with the record is not error.  See 20 C.F.R. § 416.945; see also Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013) (holding that remand is not necessary "[w]here an ALJ's analysis at Step Four regarding a claimant's functional limitations and restrictions affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence").

5

Luis argues that because the ALJ rejected all opinions assessing Luis's mental limitations, the ALJ must have relied on "his own lay judgment" in crafting the RFC.  *See* Docket Item 8-1 at 10-12.  And Luis says that the ALJ therefore erred in rejecting both opinions in the record assessing Luis's mental limitations: an opinion by a consultative examiner, Stephen Farmer, Psy.D., Docket Item 7 at 423-27, and a prior administrative finding by a state agency consultant, L. Haus, Psy.D., *id.* at 104-06.  *See* Docket Item 8-1 at 11.

Dr. Farmer examined Luis on March 1, 2018, and he opined that there was "[e]vidence of [a] mild limitation to interact adequately with supervisors, co-workers, and the public," as well as a "[m]ild limitation in regulating emotions, controlling behavior, and maintaining well-being."  *Id.* at 426.  Dr. Farmer attributed Luis's difficulties to "fatigue and [a] possible lack of motivation."  *Id.*  The ALJ found Dr. Farmer's opinion unpersuasive because "[his] findings [were] unsupported by [Luis's] therapy records and [were] inconsistent with [Luis's] allegations."  *Id.*

Dr. Haus assessed Luis's mental RFC as a part of the initial disability determination and found that Luis had mild limitations in all four areas of mental work-related functioning.  *Id.* at 104; *see* 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00E.  The ALJ found Dr. Haus's opinion somewhat persuasive, as "the findings of mild limitation[s] are supported by the mental status examinations," but the ALJ concluded that Luis's "reported issues with attention and concentration" were more consistent with a finding of a moderate limitation.  Docket Item 7 at 104.

6

In other words, to the extent that the ALJ rejected the mental health opinions upon which Luis focuses, the ALJ did so because he found that Luis was *more limited* than the providers opined.

To begin, the ALJ did not impermissibly "substitute his own expertise or view of the medical proof for the [opinions of Dr. Farmer and Dr. Haus]." *See Greek v. Colvin*, 802 F.3d 370, 376 (2d Cir. 2015). On the contrary, the ALJ used both opinions to assess Luis's limitations in mental work-related functioning and to conclude that Luis had: (1) a mild limitation in understanding, remembering, or applying information; (2) a mild limitation in interacting with others; (3) a moderate limitation in concentrating, persisting, or maintaining pace; and (4) a mild limitation in adapting or managing himself. *See* Docket Item 7 at 49-50. And the ALJ certainly did not err to Luis's detriment by concluding that Luis was *more* restricted in his mental functioning than Dr. Farmer and Dr. Haus opined. *See Ramsey v. Comm'r of Soc. Sec.*, 830 F. App'x 37, 39 (2d Cir. 2020); *see also Lesanti v. Comm'r of Soc. Sec.*, 436 F. Supp. 3d 639, 649 (W.D.N.Y. 2020) ("It appears the ALJ credited Plaintiff's testimony that she could not focus and was easily distracted . . . and assessed a more generous limitation of 5% off-task time. The fact that the ALJ afforded Plaintiff the benefit of the doubt and included a 5% off-task time limitation in the RFC assessment is not grounds for remand.").

Luis also argues that the ALJ erred by not "[tying] the specific limitations in the mental portion of the RFC finding to any medical authority," Docket Item 8-1 at 12, but as noted above, the RFC does not need to "perfectly correspond with any of the opinions of medical sources," *Matta*, 508 F. App'x at 56. The ALJ limited Luis to performing "simple, routine, and repetitive tasks" in the RFC, Docket Item 7 at 51, which

7

is consistent with a moderate limitation in maintaining concentration, persistence, or pace. *See Zabala v. Astrue*, 595 F.3d 402, 407 (2d Cir. 2010) (affirming ALJ's decision that claimant could perform prior unskilled work where "[n]one of the clinicians who examined [the claimant] indicated that she had anything more than moderate limitations in her work-related functioning, and most reported less severe limitations."); *McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014) (finding that moderate limitations in the four areas of mental work-related functioning are not inconsistent with a limitation to simple, unskilled work); *Mangual v. Comm'r of Soc. Sec.*, 600 F. Supp. 3d 313, 329 (S.D.N.Y. 2022) ("As a general matter, moderate limitations are not an impediment to the ability to perform gainful activity, particularly when an RFC has already limited a claimant to unskilled, routine work."). So the RFC limitation to simple, routine, and repetitive tasks was supported by substantial evidence.

Moreover, and contrary to Luis's second argument, the ALJ did not need to seek another opinion assessing Luis's mental limitations.[5] "Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative duty to develop the administrative record." *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996). But "where there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim." *Rosa v. Callahan*, 168

---

[5] Contrary to Luis's argument, *see* Docket Item 8-1 at 12, the ALJ did not "reject" Dr. Farmer's and Dr. Haus's opinions, *see, e.g.*, Docket Item 7 at 50 (citing Dr. Farmer's opinion when assessing Luis's mental restrictions in work-related functioning). *See generally Larson v. Comm'r of Soc. Sec.*, 2020 WL 5018331, at *6 (W.D.N.Y. Aug. 25, 2020) (holding that ALJ did not "reject" opinion by assigning it "partial weight"). For instance, the RFC*, id.* at 51, incorporated Dr. Haus's finding that Luis should avoid concentrated exposure to environmental hazards, *see* Docket Item 7 at 109.

F.3d 72, 79 n.5 (2d Cir. 1983) (internal quotation marks omitted); *see also Janes v. Berryhill*, 710 F. App'x 33, 34 (2d Cir. 2018) (holding that an ALJ "is not required to develop the record any further when the evidence already presented is adequate for [the ALJ] to make a determination as to disability." (internal quotation marks and citation omitted)).

Here, there were no gaps. The ALJ had adequate medical records and opinions from which to make a reasoned RFC determination. In fact, other than asserting that another opinion was needed, *see* Docket Item 8-1 at 16, Luis does not say why the ALJ's RFC determination was insufficient absent further development of the record. *See Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018); *see also Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017) ("Where, however, 'the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity,' a medical source statement or formal medical opinion is not necessarily required[.]" (first brackets in original) (quoting *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013))).

What is more, the opinions of Dr. Farmer and Dr. Haus were sufficient for the ALJ to conclude that Luis had only the minimal limitations about which they opined. But the ALJ instead chose to give Luis the benefit of the doubt and to impose additional restrictions consistent with Luis's complaints and the medical records. By no stretch of the imagination was that an error to Luis's disadvantage. *See Ramsey*, 830 F. App'x at 39; *Lesanti*, 436 F. Supp. 3d at 649.

In sum, the ALJ's RFC determination was based on Luis's subjective complaints, Luis's activities of daily living, the objective treatment records, and the opinions of

multiple medical professionals.  *See* Docket Item 7 at 52-55.  Luis's arguments boil down to a disagreement with the ALJ's weighing of the evidence, but it is "not the function of this Court to re-weigh evidence or consider *de novo* whether [Luis] is disabled."  *Teena H. o/b/o N.I.K.*, 521 F. Supp. 3d 287, 292 (W.D.N.Y. 2021); *see also Pellam v. Astrue*, 508 F. App'x 87, 91 (2d Cir. 2013) ("We think that Pellam is, in reality, attempting to characterize her claim that the ALJ's determination was not supported by substantial evidence as a legal argument in order to garner a more favorable standard of review.").  Because the ALJ was "entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole" and because the ALJ did just that, the ALJ's RFC determination was supported by substantial evidence, and this Court will not second-guess it.  *Matta*, 508 F. App'x at 56.

## **CONCLUSION**

The ALJ's decision was not contrary to the substantial evidence in the record, nor did it result from any legal error.  Therefore, for the reasons stated above, Luis's motion for judgment on the pleadings, Docket Item 8, is DENIED, and the Commissioner's cross-motion for judgment on the pleadings, Docket Item 9, is GRANTED.  The complaint is DISMISSED, and the Clerk of Court shall close the file.

SO ORDERED.

Dated:	June 8, 2023
	Buffalo, New York


		*/s/ Lawrence J. Vilardo*
		LAWRENCE J. VILARDO
		UNITED STATES DISTRICT JUDGE